■ Arthur Rizzo, Appellant, v City of New York et al., Respondents. Edenwald Contracting Company, Inc., et al., Third-Party Plaintiffs-Respondents, v Civetta and Sons, Inc., et al., Third-Party Defendants-Respondents. — Order, Supreme Court, New York County (David H. Edwards, J.), entered May 4, 1983, which, upon renewal of an earlier motion, denied plaintiff's motion to vacate the automatic dismissal of the action (CPLR 3404) and to

restore the case to the Trial Calendar, unanimously reversed, on the law and on the facts and in the exercise of discretion, without costs or disbursements, and the motion granted. Plaintiff was injured on April 4, 1974 when the construction dump truck he was driving went into an unmarked excavation at a construction site. Issue was joined in March, 1975 in this action to recover for his injuries. A note of issue and statement of readiness were filed in July, 1978. After plaintiff marked the case ready for trial on February 17, 1981, the matter was marked "off" the calendar the same day to accommodate the taking of depositions by newly impleaded third-party defendants, who were given 90 days in which to complete all such proceedings. The court advised plaintiff that the case could be returned to the calendar on five days' notice to all parties without the necessity of any formal motion. Plaintiff took no action to restore the case until July 15, 1982, by which time, pursuant to CPLR 3404, the case had been deemed abandoned and dismissed. Special Term denied the motion to vacate the automatic dismissal and to restore the action to the calendar. The motion should have been granted. Plaintiff demonstrated both merit to his complaint and a justifiable excuse for his failure to move to restore within one year. Plaintiff is represented by a small firm consisting of three lawyers. The attorney who had handled this matter suffered a series of heart attacks, and died on April 21, 1982, after which the file was transferred to another attorney. In such circumstances, some allowance must be made for the delay in moving to restore. Finally, we note that it ill behooves the third-party plaintiff, Edenwald Contracting Company, Inc., which, virtually on the eve of trial, impleaded two third-party defendants, thereby assuring the need for further discovery, to complain of plaintiff's delay in moving to restore. Concur — Murphy, P. J., Sandler, Sullivan, Carro and Asch, JJ.