[672 NYS2d 332]

EHUD ZABARI, Appellant, v CITY OF NEW YORK et al., Respondents.

First Department, May 5, 1998

**APPEARANCES OF COUNSEL**

*Philip J. Dinhofer* for appellant.

*Timothy J. O'Shaughnessy* of counsel (*Kristin M. Helmers* on the brief; *Jeffrey D. Friedlander, Acting Corporation Counsel* of New York City, attorney), for respondents.

**OPINION OF THE COURT**

WALLACH, J.

Plaintiff was injured when a police officer allegedly slammed the car door on his shoulder as he was exiting his vehicle. This personal injury action, which included a claim for deprivation of civil rights under 42 USC § 1983, was dismissed after plaintiff failed to appear for a scheduled pretrial conference. He now appeals from an order that denied his motion to restore this action to the Trial Calendar.

In May 1995, plaintiff's present attorney left his law partnership, and two months later was substituted for the firm in this action. The action was marked off the Trial Calendar in September, when no one appeared on plaintiff's behalf at a scheduled pretrial conference. A year later, on September 5, 1996, the case was dismissed under CPLR 3404.

The following month, plaintiff moved to restore his action to the Trial Calendar. In his supporting affirmation, plaintiff's present attorney contended, *inter alia*, that it took three months (until October 2, 1995) for his former firm to transfer the file to him, and that his former partners never advised him that a pretrial conference had been scheduled for September 1995. He supposedly learned of the status of the case by having the courthouse computer checked.

CPLR 3404 provides that a case in Supreme Court that has been marked off or struck from the calendar and not restored within a year thereafter "shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute." Notwithstanding the mandatory language of this rule, a court retains the discretion to restore a case to the Trial Calendar after expiration of this one-year period, provided the party seeking such relief establishes the merits of his claim, reasonable excuse for the delay, lack of intent to abandon and/or deliberately default in the action, and lack of prejudice to his adversary on the motion to restore (*Moye v City of New York*, 168 AD2d 342, *lv dismissed* 77 NY2d 940).

The motion court held that plaintiff failed to meet this burden. We disagree.

The decision and order appealed from mistakenly held that the absence of a formal "affidavit of merits" was a fatal omission by plaintiff. However, the deposition transcript is an adequate substitution for an affidavit of merits (*see, Smallen v Sherman Sq. Hotel Corp.*, 20 AD2d 527), since it sets forth in detail the events of March 2, 1987, supporting the merits of this action. Furthermore, defendants' attack on the competency of the deposition transcript because it is unsigned is without merit. CPLR 3116 (a) allows a deposition transcript to be admitted as though it were signed (*see, e.g., Eldon Group Am. v Equiptex Indus. Prods. Corp.*, 236 AD2d 329), especially where, as here, the transcript was certified as accurate (*see, e.g., Newell Co. v Rice*, 236 AD2d 843, *lv denied* 90 NY2d 807).

In his original motion papers, plaintiff proffered his counsel's disability, which was caused by the latter's role as the donor for a bone marrow transplant to his brother, and the ultimate death of his brother together with the ensuing mourning period, as reasonable excuses for the delay in moving to restore the action to the Trial Calendar. Unquestionably, the disability of a party's attorney may serve as a reasonable excuse for a party's delay in moving for restoration (*Rizzo v City of New York*, 98 AD2d 688, 689, *appeal dismissed* 62 NY2d 801). Similarly, the breakup of a law partnership (*see, Rutger Fabrics Corp. v United States Laminating Corp.*, 111 AD2d 40) and unawareness on the part of the incoming attorney that a case has been marked off (*Endres v Mingles Rest.*, 242 AD2d 455) may be reasonable excuses for a party's delay.

Defendants argue that counsel's convalescence from the debilitating bone marrow procedure and the delay in delivering the files do not fully explain several months of additional delay in moving for restoration. In our view, this lapse is sufficiently accounted for by the burden upon plaintiff's counsel, a solo practitioner, occasioned by the intake of 45 case files from the former firm, and the decision of his sole employee to review these files in alphabetical order. Plaintiff's misfortune was that his name is in the omega, rather than the alpha, area of the English alphabet.

Courts have a duty to stand firmly against all forms of discrimination, no matter how devious and subtle (*see, Matter of Holland v Edwards*, 307 NY 38, 45), and such a duty is no less compelling when the discrimination presents itself in the comparatively rare form of orthography. The phonically fallible

may well be a class worthy of special protection. Be that as it may, a decision to review incoming case files in alphabetical rather than chronological order could surely be viewed as a serious lapse in legal judgment. But at worst, this would amount to the type of law office failure that is also excusable (*see, Rutger Fabrics Corp. v United States Laminating Corp., supra*).

Since merit and a reasonable excuse have been shown, the two remaining requirements require only brief discussion.

The dearth of litigation activity that might have evidenced an intent not to abandon the action is of little import here. With the filing of a statement of readiness and no opposition thereto, plaintiff had every right to assume that no further pretrial activity was expected, required, or even allowable.

Lapse of time may indicate a lack of diligence on counsel's part, but does not necessarily establish prejudice (*see, Sanchez v Javind Apt. Corp.*, 246 AD2d 353). It is interesting to note that defendants never raised a claim of prejudice before the motion court, and the court never mentioned the issue. While this lawsuit is based upon police misconduct alleged to have occurred over 11 years ago, much of the delay in moving the matter forward lies at defendants' doorstep in ignoring the court's discovery orders, resulting in the imposition of sanctions. If a delayed trial results in any prejudice, defendants must certainly share the blame.

Accordingly, the order of the Supreme Court, New York County (Walter Tolub, J.), entered January 21, 1997, which denied plaintiff's motion to restore this action to the Trial Calendar, should be reversed, on the law, the facts, and in the exercise of discretion, without costs, and the plaintiff's motion granted.

ELLERIN, J. P., TOM and MAZZARELLI, JJ., concur.

Order, Supreme Court, New York County, entered January 21, 1997, reversed, on the law, the facts, and in the exercise of discretion, without costs, and the plaintiff's motion to restore the action to the Trial Calendar granted.