■ ETHELYN BENNETT, Appellant, v SIDNEY BERGER et al., Defendants and Third-Party Plaintiffs-Respondents. INSTITUTE FOR COMMUNITY LIVING, INC., Third-Party Defendant-Respondent. [726 NYS2d 22] —Order, Supreme Court, Bronx County (George Friedman, J.), entered January 5, 2000, which,

in an action for personal injuries sustained when plaintiff slipped on snow and ice on the sidewalk in front of a building owned by defendant landlord and rented to plaintiff's employer, third-party defendant, insofar as appealed from, granted defendants' motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Defendant, an out-of-possession landlord, owed plaintiff no common-law duty to remove naturally accumulated snow and ice from the sidewalk in front of his building, and cannot be held liable unless his negligence increased the hazard inherent in the natural accumulation (*see, Rodriguez v City of New York,* 269 AD2d 324). Nor can such a duty be found in a lease that permits the landlord to enter the leased premises for purposes of inspection and repair, but expressly provides that the lessee, third-party defendant herein, is responsible for removing snow and ice from the sidewalk (*see, id.; see also, Gerber v City of New York,* 280 AD2d 289; *Henderson v Hickory Pit Rest.,* 221 AD2d 161). The deposition testimony of defendant's son, a named defendant and allegedly a co-owner of the premises, is sufficient to show, prima facie, that defendants in fact did not undertake any snow removal efforts and otherwise did nothing to create or exacerbate the danger of the mounds of snow at the curb that allegedly caused plaintiff to slip and fall. Indeed, plaintiff does not claim otherwise, but instead asserts that the dangerous condition of the sidewalk was exacerbated by its use as a parking lot in violation of Vehicle and Traffic Law § 1202 (a) (1) (b), which use was noted in third-party defendant's lease and of which defendants otherwise allegedly had notice. Assuming such a violation existed and increased the hazard of the snow and ice on the sidewalk, again, under the lease, it was the tenant's responsibility to keep the sidewalk safe of any snow and ice hazards. Although defendant son's deposition transcript was not signed, it was certified by the reporter, and may be considered since the excerpts thereof included in the record are not challenged by plaintiff as inaccurate (*see, Zabari v City of New York,* 242 AD2d 15, 17). Concur—Williams, J. P., Lerner, Rubin, Saxe and Buckley, JJ.