■ DEOSARRAN SINGH et al., Appellants, v EARNESTINE SANDERS et al., Defendants, and ANTHONY GONZALEZ et al.,

Respondents. [729 NYS2d 119] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered on or about January 7, 2000, which granted the motion of defendants Anthony Gonzalez, Lori R. Vetro and Chase Manhattan Auto Finance Corporation for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated as against said defendants.

Plaintiff Deosarran Singh alleges that he sustained injury while a passenger in a Jeep Cherokee driven by defendant Lori R. Vetro, leased by defendant Anthony Gonzalez and owned by defendant Chase Manhattan Auto Finance Corporation. The Jeep, which was traveling eastbound on Fordham Road, was struck from behind as it stopped for a red light at the Rainey Gate entrance to the Bronx Zoo by a Nissan sedan driven by defendant Darrin Sanders and owned by defendant Earnestine Sanders.

As this Court stated in *Johnson v Phillips* (261 AD2d 269, 271), "it is well established that a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the operator of the second vehicle." Normally, "the injured occupants of the front vehicle are entitled to summary judgment on liability, unless the driver of the following vehicle can provide a non-negligent explanation, in evidentiary form, for the collision" (*id.*; *see also, Figueroa v Luna*, 281 AD2d 204).

At his examination before trial, plaintiff Deosarran Singh testified that, at the time of the accident, he was an employee of Campus Nissan and that the Vetro vehicle was being road tested for "a braking problem." He further stated that, as it approached the intersection, the Jeep Cherokee was traveling at 40 to 50 miles per hour on a wet roadway and that defendant Vetro "jammed on the brakes" and stopped short at the red light. Defendant Darrin Sanders testified that the Vetro vehicle pulled in front of his vehicle causing a separation of two or three car lengths; that the traffic light then changed from yellow to red; that the Jeep stopped suddenly in front of him; that his vehicle slid "three or four car lengths" before making impact; and that the accident occurred a few seconds after the Vetro vehicle pulled in front of him. Thus, the record raises questions of fact with respect to whether the Vetro vehicle was in good mechanical condition and whether it was being safely operated, precluding the award of summary judgment (*DeCosmo v Hulse*, 204 AD2d 953; *Migdol v Striker*, 215 AD2d 358). Concur—Tom, J. P., Andrias, Rubin and Marlow, JJ.