■ Sid Feders, Appellant, v Jerry Lamprecht et al., Respondents, et al., Defendants. [840 NYS2d 346]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered September 19, 2005, which denied plaintiff's motion to vacate an earlier judgment dismissing the action with prejudice for failure to prosecute, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted, the judgment vacated and the complaint reinstated.

Under the circumstances, the motion court's denial of the motion to vacate was an improvident exercise of discretion. The record shows no intention to abandon the action, and defendants alleged no prejudice as a result of the delay. The court's sua sponte dismissal was based upon plaintiff's counsel's failure to appear at a discovery compliance conference (22 NYCRR 202.27 [b]), which apparently was the first such conference scheduled, and was plaintiff's only default. However, plaintiff submitted evidence that counsel's absence from the conference was the result of injuries suffered in an automobile accident several weeks before the conference date, and defense counsel had been so advised. This would constitute a reasonable excuse for the default (*see Charnock v Preferred Mut. Ins. Co.*, 281 AD2d 981 [2001]; *Zabari v City of New York*, 242 AD2d 15 [1998]; *Rizzo v City of New York*, 98 AD2d 688 [1983], *appeal dismissed* 62 NY2d 801 [1984]). Any delay in prosecuting was minimal, given that only 11 months had elapsed between filing of the action and dismissal, and only 41 days from joinder of issue to dismissal. Furthermore, plaintiff promptly sought vacatur of the dismissal. While plaintiff's affidavit of merits was sketchy and "far from satisfactory" (*see Neyra Y Alba v Pelham Foods*, 46 AD2d 760, 761 [1974]), this may be attributed to the small amount of discovery completed, if any, and the nature of plaintiff's claims, which are largely grounded in usurpation of partnership opportunities. This suggests that without full discovery, plaintiff might very well have been unaware of specific facts concerning the partnership opportunities allegedly diverted and converted by defendants. Under the totality of the circumstances here, plaintiff sufficiently demonstrated the merits of his case at this juncture.

Moreover, the trial court's sua sponte dismissal of the action violated the provisions of CPLR 3216 (b). Specifically, the record shows that two of the conditions necessary for dismissal were not met: passage of one year since joinder of issue (CPLR 3216 [b] [2]), and service of a written demand on plaintiff to resume prosecution and to serve and file a note of issue within 90 days of receipt of the demand (CPLR 3216 [b] [3]). Concur—Mazzarelli, J.P., Williams, Gonzalez, Catterson and Kavanagh, JJ.