(December 16, 2008)

■ NAVEED ASHIF, Plaintiff, v WON OK LEE, Defendant and Third-Party Plaintiff-Respondent. MOHMMD CHOWDHURY et al., Third-Party Defendants-Appellants; REHMAT KHAN et al., Third-Party Defendants-Respondents. [868 NYS2d 906]—

Contrary to the contention of the third-party defendants Mohmmd Chowdhury and Domenico Mancini (hereinafter the appellants), the unsigned deposition transcript of the third-party defendant Rehmat Khan, which Khan submitted in support of his motion for summary judgment, and which was relied upon by the defendant third-party plaintiff Won Ok Lee in opposition to the appellants' cross motion for summary judgment, was admissible under CPLR 3116 (a), since that transcript was submitted by the party deponent himself and therefore was adopted as accurate by Khan, as the deponent (*cf. McDonald v Mauss*, 38 AD3d 727 [2007]; *Pina v Flik Intl. Corp.*, 25 AD3d 772, 773 [2006]; *Scotto v Marra*, 23 AD3d 543 [2005]). Similarly, the MV-104 accident report prepared by Khan was properly

considered as a party admission (*see Fox v Tedesco,* 15 AD3d 538 [2005]; *Castellano v Citation Cab Corp.,* 35 AD2d 842 [1970]).

Upon consideration of all of the evidence in the record, we agree with the Supreme Court that the defendant third-party plaintiff succeeded in raising triable issues of fact in opposition to the appellants' prima facie showing of entitlement to summary judgment. Since there are genuine questions as to the manner in which the accident occurred and whether the operation of the appellants' vehicle caused or contributed to it, the appellants' cross motion for summary judgment was properly denied (*see e.g. Carhuayano v J&R Hacking,* 28 AD3d 413 [2006]; *Taveras v Amir,* 24 AD3d 655 [2005]). Mastro, J.P., Florio, Eng and Chambers, JJ., concur.