ONEKA MARKS, Respondent, v JOHN J. ROBB et al., Defendants, and KEVIN J. GODING, Appellant. [935 NYS2d 593]—

This action concerns an accident involving four motor vehicles which occurred at an intersection in Lynbrook. The plaintiff alleged that his vehicle was struck by a vehicle operated by the defendant Esther G. Urquilla, propelling the plaintiff's vehicle across several lanes of traffic into a vehicle operated by the defendant Kevin J. Goding (hereinafter the appellant) which was traveling in the opposite direction.

The appellant moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that he was faced with a sudden and unforeseen emergency situation, not of his own making, and that he acted reasonably under the circumstances. In an order entered March 4, 2011, the Supreme Court, among other things, denied the appellant's motion. We affirm the order insofar as appealed from.

" 'Under the emergency doctrine, when an actor is faced with a sudden and unexpected circumstance which leaves little or no

time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context' " (*Koenig v Lee*, 53 AD3d 567, 567 [2008], quoting *Vitale v Levine*, 44 AD3d 935, 936 [2007] [internal quotation marks omitted]). "This is not to say that an emergency automatically absolves one from liability for his conduct. The standard then still remains that of a reasonable man under the given circumstances, except that the circumstances have changed" (*Ferrer v Harris*, 55 NY2d 285, 293 [1982]; *see Williams v City of New York*, 88 AD3d 989 [2011]; *Pawlukiewicz v Boisson*, 275 AD2d 446, 447 [2000]). "Both the existence of an emergency and the reasonableness of a party's response thereto will ordinarily present questions of fact" (*Williams v City of New York*, 88 AD3d at 990).

Here, the appellant failed to establish his prima facie entitlement to judgment as a matter of law. The appellant failed to annex all of the pleadings to his motion as required by statute (*see* CPLR 3212 [b]; *see also Roach v AVR Realty Co., LLC*, 41 AD3d 821, 825 [2007]; *Matsyuk v Konkalipos*, 35 AD3d 675 [2006]; *Hamilton v City of New York*, 262 AD2d 283 [1999]). Moreover, none of the deposition transcripts submitted by the appellant was signed, and those transcripts did not contain a proper certification as required by CPLR 3116 (b). Furthermore, there was no proof that the deposition transcripts of the plaintiff, Urquilla, or the defendant John J. Robb were forwarded to the respective witnesses for review pursuant to CPLR 3116 (a). Accordingly, none of the transcripts was in admissible form (*see* CPLR 3116; *see also Moffett v Gerardi*, 75 AD3d 496 [2010]; *Marmer v IF USA Express, Inc.*, 73 AD3d 868 [2010]; *Martinez v 123-16 Liberty Ave. Realty Corp.*, 47 AD3d 901 [2008]; *see generally Mazzarelli v 54 Plus Realty Corp.*, 54 AD3d 1008 [2008]).

The appellant's failure to make a prima facie showing, with evidence in admissible form, that an emergency situation arose or that his response to such an emergency was reasonable and prudent under the circumstances, necessitated the denial of his motion regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Goodyear v Putnam/Northern Westchester Bd. of Coop. Educ. Servs.*, 86 AD3d 551, 552 [2011]; *Post v County of Suffolk*, 80 AD3d 682 [2011]).

The parties' remaining contentions either are without merit or need not be considered in light of our determination. Mastro, A.P.J., Chambers, Austin and Miller, JJ., concur. **[Prior Case History: 2011 NY Slip Op 30608(U).]**