■ Juan Rodriguez et al., Appellants, v Ryder Truck, Inc., et al., Respondents. [937 NYS2d 602]—

Contrary to the defendants' contentions, the unsigned but certified deposition of the plaintiff Juan Rodriguez, which was submitted in support of the plaintiffs' motion for summary judgment, was admissible under CPLR 3116 (a), since the transcript was submitted by the party deponent himself and, therefore, was adopted as accurate by the deponent (see *Ashif v Won Ok Lee*, 57 AD3d 700 [2008]). Additionally, although the plaintiffs initially failed to submit the certification page of the deposition of the defendant Derrick Thomas, they submitted it on reply in response to the defendants' arguments in opposition. Under the circumstances of this case, the late submission did not prejudice the defendants, and the Supreme Court should have considered the certification (see *Mazzarelli v 54 Plus Realty Corp.*, 54 AD3d 1008 [2008]; cf. *Navarrete v A & V Pasta Prods., Inc.*, 32 AD3d 1003, 1004 [2006]). Furthermore, although unsigned, as noted above, the transcript of Thomas's deposition was certified, and the defendants did not raise any challenges to its accuracy. Thus, it qualified as admissible evidence for purposes of the plaintiffs' motion for summary judgment (see *Zalot v Zieba*, 81 AD3d 935, 936 [2011]; *Bennett v Berger*, 283 AD2d 374 [2001]; *Zabari v City of New York*, 242 AD2d 15, 17 [1998]). However, the uncertified and unsworn police report submitted by the plaintiffs in support of their motion was inadmissible (see *Toussaint v Ferrara Bros. Cement Mixer*, 33 AD3d 991, 992 [2006]; *Bates v Yasin*, 13 AD3d 474 [2004]; *Lacagnino v Gonzalez*, 306 AD2d 250 [2003]).

The depositions submitted by the plaintiffs revealed that the vehicle driven by Thomas struck the vehicle driven by Rodriguez from the rear while it was stopped at a traffic light. This evidence was sufficient to establish the plaintiffs' prima facie entitlement to summary judgment on the issue of liability (see *Giangrasso v Callahan*, 87 AD3d 521, 522 [2011]). In opposition, the defendants failed to raise a triable issue of fact as to whether there was a nonnegligent explanation for the collision (see *Stief v URA, Inc.*, 89 AD3d 720 [2011]). Accordingly, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the issue of liability. Rivera, J.P., Eng, Lott and Sgroi, JJ., concur.