■ MARTIN PAVANE et al., Appellants, v SAMIDRA MARTE et al., Respondents. [971 NYS2d 562]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Graham, J.), dated August 9, 2012, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendant Samidra Marte was employed by the defendant Oasis Children's Services (hereinafter together with the defendant Oasis Community Corporation, the Oasis defendants), as a counselor for a children's summer program. On August 22, 2008, she, along with other counselors, was escorting a number of children through Central Park. At that time, the plaintiff Martin Pavane (hereinafter the injured plaintiff) was bicycling through the park. Marte was escorting a group of children across the street at the intersection of West Drive and 96th Street, when she allegedly came into contact with the injured plaintiff, causing him to fall to the ground and sustain injuries. The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, relying on the emergency doctrine. In the order appealed from, the Supreme Court granted the defendants' motion.

Contrary to the plaintiffs' contention, the defendants' motion for summary judgment was supported by evidence in admissible form. The unsigned excerpts of Marte's and the Oasis defendants' deposition testimony, which the defendants submitted in support of their motion, were admissible under CPLR 3116 (a) since they were submitted by the party deponents themselves and, accordingly, those transcripts were adopted as accurate by those deponents (*see Vetrano v J. Kokolakis Contr., Inc.*, 100 AD3d 984, 986 [2012]; *Rodriguez v Ryder Truck, Inc.*, 91 AD3d 935, 936 [2012]; *Ashif v Won Ok Lee*, 57 AD3d 700, 700 [2008]). Additionally, although the defendants initially failed to submit the certification page of the depositions of nonparties Richard Thompson McKay and Rachel Carrion, as well as those for the

depositions of Marte and the Oasis defendants, they submitted those certifications in reply papers in response to the plaintiffs' arguments in opposition (*see Rodriguez v Ryder Truck, Inc.*, 91 AD3d at 936). Under the circumstances of this case, the late submission did not prejudice the plaintiffs, and the Supreme Court properly considered these certifications (*see id.*; *Mazzarelli v 54 Plus Realty Corp.*, 54 AD3d 1008, 1008 [2008]; *cf. Navarrete v A & V Pasta Prods., Inc.*, 32 AD3d 1003, 1004 [2006]). Furthermore, although unsigned, as noted above, the transcripts of McKay's and Carrion's depositions were certified, and the plaintiffs did not raise any challenges to their accuracy. Thus, the transcripts qualified as admissible evidence for purposes of the defendants' motion for summary judgment (*see Rodriguez v Ryder Truck, Inc.*, 91 AD3d at 936; *Zalot v Zieba*, 81 AD3d 935, 936 [2011]; *Bennett v Berger*, 283 AD2d 374 [2001]; *Zabari v City of New York*, 242 AD2d 15, 17 [1998]). However, the unsigned, uncertified excerpt of the injured plaintiff's deposition was not in admissible form, nor was the uncertified, unsworn police report submitted by the defendants. Accordingly, neither of these items should have been considered in determining whether the defendants satisfied their prima facie burden (*see Rodriguez v Ryder Truck, Inc.*, 91 AD3d at 936).

"Under the emergency doctrine, when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (*Marks v Robb*, 90 AD3d 863, 863-864 [2011] [internal quotation marks omitted]; *see Koenig v Lee*, 53 AD3d 567, 567 [2008]; *Vitale v Levine*, 44 AD3d 935, 936 [2007]). " 'This is not to say that an emergency automatically absolves one from liability for his [or her] conduct. The standard then still remains that of a reasonable [person] under the given circumstances, except that the circumstances have changed' " (*Marks v Robb*, 90 AD3d at 864, quoting *Ferrer v Harris*, 55 NY2d 285, 293 [1982]; *see Williams v City of New York*, 88 AD3d 989, 990 [2011]; *Pawlukiewicz v Boisson*, 275 AD2d 446, 447 [2000]). " 'Both the existence of an emergency and the reasonableness of a party's response thereto will ordinarily present questions of fact' " (*Marks v Robb*, 90 AD3d at 864, quoting *Williams v City of New York*, 88 AD3d at 990).

In support of their motion, excluding the excerpt from the injured plaintiff's deposition and the unsworn police report, the

defendants nevertheless established, prima facie, that Marte was faced with an emergency situation, not of her own making, leaving her with only a moment to react. According to Marte's deposition testimony, immediately prior to the accident, several of the children she was supervising were crossing the street, with a "walk" light, and she was standing in the middle of the street holding a stop sign, as the children crossed behind her. All other cyclists in the roadway stopped at the intersection, except for the injured plaintiff, who showed no signs of stopping. Fearing for the safety of the young children, Marte moved her body between the injured plaintiff's path and the children. Marte testified that she could not simply stand in front of him because he was going too fast and would run over her and the children. As the injured plaintiff quickly approached, she pushed him away from the children, which caused the injured plaintiff to fall to the ground. Under these circumstances, the defendants established their prima facie entitlement to judgment as a matter of law.

In opposition, however, through the injured plaintiff's deposition testimony, which was admitted in proper form, the plaintiffs raised a triable issue of fact as to the applicability of the emergency doctrine. According to the injured plaintiff, as he approached the intersection on his bicycle, he slowed for the stop light. Once he neared the stop line, he either came to a complete stop or was "just about at a complete stop," when Marte abruptly "jumped in front of" his bicycle and, unprovoked, pushed him over. Contrary to the Supreme Court's determination, the injured plaintiff's deposition testimony raised a triable issue of fact. "[A] motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (*LeBlanc v Skinner*, 103 AD3d 202, 212 [2012] [internal quotation marks omitted]). On this record, with the facts in dispute and the credibility of the parties sharply at issue, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.

In light of our determination, we need not reach the plaintiffs' remaining contention. Dillon, J.P., Angiolillo, Chambers and Hinds-Radix, JJ., concur. **[Prior Case History: 37 Misc 3d 1216(A), 2012 NY Slip Op 52060(U).]**