■ RUBISELA BRAVO, Appellant, v ERIC MUNDO VARGAS et al., Respondents. [978 NYS2d 307]—

Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the motion of Vargas and Enterprise which was for summary judgment dismissing the complaint insofar as asserted against Enterprise. Under the Graves Amendment (49 USC § 30106), the owner of a leased or rented motor vehicle cannot be held liable for personal injuries resulting from the use of such vehicle if the owner (i) is engaged in the trade or business of renting or leasing motor vehicles, and (ii) engaged in no negligence or criminal wrongdoing (*see* 49 USC § 30106 [a]; *Ballatore v HUB Truck Rental Corp.*, 83 AD3d 978, 979 [2011]).

Here, Vargas and Enterprise established Enterprise's prima facie entitlement to judgment as a matter of law by showing that Enterprise was engaged in the business of renting vehicles and was not negligent in entrusting the vehicle to Vargas or in maintaining the vehicle's brakes, and that the accident was not caused by brake failure (*see Ballatore v HUB Truck Rental Corp.*, 83 AD3 at 980). In opposition to this showing, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

However, the Supreme Court erred in awarding summary judgment to Vargas and Sunstar dismissing the complaint insofar as asserted against them.

Under the emergency doctrine, actors "faced with a sudden and unexpected circumstance, not of their own making, that leaves them with little or no time for reflection or reasonably causes them to be so disturbed that they are compelled to make a quick decision without weighing alternative courses of conduct, may not be negligent if their actions are reasonable and prudent in the context of the emergency" (*Tarnavska v Manhattan & Bronx Surface Tr. Operating Auth.*, 106 AD3d 1079, 1079 [2013] [internal quotation marks omitted]; *see Pavane v Marte*, 109 AD3d 970, 971 [2013]; *Hendrickson v Philbor Motors, Inc.*, 101 AD3d 812, 813 [2012]). Both the existence of an emergency and the reasonableness of a party's response to it generally present issues of fact (*see Pavane v Marte*, 109 AD3d at 971; *Marks v Robb*, 90 AD3d 863, 864 [2011]).

Vargas and Sunstar established their prima facie entitlement to judgment as a matter of law by submitting a transcript of Vargas's deposition testimony and that of a disinterested witness, explaining that Vargas was faced with an emergency situation not of his own making when an oncoming car driving at a high rate of speed suddenly crossed over a double yellow line at a distance too close for Vargas to avoid a head-on collision by braking, and that he reasonably responded to that emergency by swerving to the right (*see Pavane v Marte*, 109 AD3d at 971-972; *Parastatidis v Holbrook Rental Ctr., Inc.*, 95 AD3d 975 [2012]; *Ferebee v Amaya*, 83 AD3d 997 [2011]; *Mandel v Benn*, 67 AD3d 746, 747 [2009]; *Marsch v Catanzaro*, 40 AD3d 941, 941-942 [2007]). In opposition, however, the plaintiff raised a triable issue of fact as to the applicability of the emergency doctrine by submitting a copy of the police accident report, which attributed a statement to Vargas that "he lost control of [his] vehicle causing it to strike the pole," and by submitting a transcript of the deposition testimony of the two police officers who responded to the scene, one of whom prepared the subject accident report. The police officer who prepared the report was acting within the scope of her duty in recording Vargas's statement, and the statement is admissible as a party admission (*see Jackson v Trust*, 103 AD3d 851, 852 [2013]; *Scott v Kass*, 48 AD3d 785 [2008]; *Guevara v Zaharakis*, 303 AD2d 555 [2003]; *cf. Makagon v Toyota Motor Credit Corp.*, 23 AD3d 443, 444 [2005]). Resolving questions of credibility, assessing the accuracy of witnesses, and reconciling conflicting statements are tasks entrusted to the trier of fact (*see Kahan v Spira*, 88 AD3d

964, 965-966 [2011]; *Gille v Long Beach City School Dist.*, 84 AD3d 1022, 1023 [2011]; *Ruiz v Griffin*, 71 AD3d 1112, 1115 [2010]). Accordingly, the Supreme Court should have denied that branch of the motion of Vargas and Enterprise which was for summary judgment dismissing the complaint insofar as asserted against Vargas.

In viewing the evidence in the light most favorable to the nonmoving party, and giving the nonmoving party the benefit of all reasonable inferences that can be drawn from the evidence, we conclude that there are triable issues of fact with respect to whether Vargas was employed by Sunstar and acting within the scope of his employment at the time of the accident (*see Pearson v Dix McBride, LLC*, 63 AD3d 895, 895 [2009]; *Baker v Briarcliff School Dist.*, 205 AD2d 652, 653 [1994]). The determination of whether an employer-employee relationship exists turns on whether the alleged employer exercises control over the results produced or, more importantly, the means used to achieve the results (*see Matter of Ted Is Back Corp. [Roberts]*, 64 NY2d 725 [1984]). Here, the record reveals a factual dispute as to whether Vargas was operating a vehicle provided to him by Sunstar in order to perform his duties. Accordingly, the Supreme Court should have denied that branch of Sunstar's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it.

The parties' remaining contentions either are without merit or have been rendered academic in light of our determination. Skelos, J.P., Leventhal, Lott and Cohen, JJ., concur.