OPINION OF THE COURT
Sharon A.M. Aarons, J.
Defendant Arthur W. Brown moves for summary judgment pursuant to CPLR 3212 dismissing the complaint and all cross claims against him. Plaintiffs and defendants Yung Kim (Kim) and BNJ Trucking, Inc. (BNJ) submit written opposition. The motion is denied.
This personal injury action arises out of a three-vehicle collision which occurred on March 23, 2011, on the Van Wyck *717 Expressway in Queens, New York. The plaintiff Deosarran Singh was a passenger in a vehicle driven by defendant Mohan Singh. Defendant Brown, the moving defendant herein, asserts that as he attempted to exit the highway, he was blocked by a vehicle entering the highway on his right, and he brought his vehicle almost to a full stop. A pickup truck following defendant Brown’s vehicle, driven by defendant Mohan Singh,* either came to a stop or slowed suddenly, at which time a larger truck driven by defendant Kim and owned by defendant BNJ struck the Mohan Singh vehicle, and propelled it into the rear of the Brown vehicle.
In support of the motion, defendant Brown submits the summons and complaint, and the answer filed by defendant Brown; the unsigned, certified deposition of plaintiff Deosarran Singh; the unsigned, certified deposition of defendant Brown; the unsigned, certified deposition of defendant Mohan Singh; and, the unsigned, certified deposition of defendant Kim. Defendant Brown’s deposition testimony asserts that defendant Brown was driving in light traffic, at approximately 12:00 p.m., in light rain, and was attempting to change lanes in order to exit the highway. He could not change lanes because a vehicle entering the highway would not allow him to move over. Defendant Brown, with his right turn signal activated for one to two minutes, was traveling approximately 25 miles per hour, and then slowed “almost to a stop,” while still on the highway, traveling about five miles per hour, when he was struck from behind.
Plaintiffs, in opposition, submit no evidence, but argue that the motion must be denied because the moving defendant has relied on unsigned deposition transcripts. In addition, plaintiffs argue that the moving defendant failed to submit all of the pleadings, having omitted the other defendants’ answers, answers to cross claims, and the plaintiffs’ bill of particulars.
In opposition, defendants Kim and BNJ also submit no evidence, but argue that the accident occurred when defendant Brown slowed his vehicle “almost to a stop,” in order to change lanes to exit, and that the moving defendant has thus not demonstrated the absence of negligence on his part.
In reply, defendant Brown submits the missing answers and the plaintiffs’ bill of particulars, but not copies of answers to *718 cross claims. In addition, defendant Brown maintains that the “usual stipulations” set forth at the depositions permit the use of the unsigned depositions on the present motion.
Pursuant to CPLR 3116 (a), a deposition transcript must be provided to the deponent for his or her review and signature. If a deponent refuses or fails to sign his or her deposition under oath within 60 days, it may be used as if fully signed. The party seeking to use an unsigned deposition transcript thus bears the burden of demonstrating that a copy of the transcript had been submitted to the deponent for review and that the deponent failed to sign and return it within 60 days (Franzese v Tanger Factory Outlet Ctrs., Inc., 88 AD3d 763 [2d Dept 2011]), unless the deposition is admissible under one of the exceptions discussed below.
Unsigned deposition transcripts are admissible in support of a motion for summary judgment in certain limited circumstances. First, a deposition transcript which was not signed, but which is certified by the reporter, may be considered where it is not challenged as inaccurate. (Ortiz v Lynch, 105 AD3d 584 [1st Dept 2013]; Bennett v Berger, 283 AD2d 374 [1st Dept 2001].) Second, a certified, unsigned deposition transcript submitted by the party deponent is deemed to be adopted as accurate by the deponent, and is admissible. (Franco v Rolling Frito-Lay Sales, Ltd., 103 AD3d 543 [1st Dept 2013]; Pavane v Marte, 109 AD3d 970 [2d Dept 2013]; Vetrano v J. Kokolakis Contr., Inc., 100 AD3d 984, 986 [2d Dept 2012]; Rodriguez v Ryder Truck, Inc., 91 AD3d 935, 936 [2d Dept 2012].) Third, an admission against interest contained in an unsigned deposition transcript may be placed in evidence. (Tower Ins. Co. of N.Y. v Khan, 93 AD3d 618 [1st Dept 2012].)
In the present case, the “usual stipulations” made between counsel at the deposition do not by their terms supplant the CPLR, but rather, state that the CPLR is controlling. Moreover, while there is no impediment to employing an unsigned deposition which has been served and not signed, the moving defendant has failed to show service. Nevertheless, the moving defendant may rely on his own deposition transcript, albeit that it is not signed, under the authority cited above, as well as any admissions against interest in the depositions of adverse parties.
With respect to the alleged failure to annex all of the pleadings to the moving papers, CPLR 3212 (b) requires that a motion for summary judgment be supported by copies of a *719 complete set of the pleadings. (Edgett v North Fork Bank, 72 AD3d 1635 [4th Dept 2010] [holding that the Supreme Court properly denied the motion, regardless of its merits, inasmuch as party failed to provide in support of its motion a copy of all of the third-party pleadings].) The court may excuse this procedural defect when the record is “sufficiently complete” (Welch v Hauck, 18 AD3d 1096, 1098 [3d Dept 2005], lv denied 5 NY3d 708 [2005]), meaning a complete set of the papers is available from the materials submitted. (Washington Realty Owners, LLC v 260 Wash. St., LLC, 105 AD3d 675 [1st Dept 2013]; Studio A Showroom, LLC v Yoon, 99 AD3d 632 [1st Dept 2012] [the pleadings were filed electronically and were available for the court’s consideration]; Welch, 18 AD3d at 1098 [finding that summary judgment was properly granted to plaintiff on cross motion where pleadings were attached to defendant’s motion for summary judgment].) In this regard, plaintiffs’ argument that the deficiency may not be cured by annexing the missing pleadings to the reply papers is incorrect, and is rejected. (Pandian v New York Health & Hosps. Corp., 54 AD3d 590, 591 [1st Dept 2008] [the pleadings were attached to the reply papers].)
While the moving defendant has now attached the plaintiffs’ bill of particulars in reply, it is noted that a bill of particulars is not a pleading, but serves to amplify the pleadings, and its omission on a motion for summary judgment therefore does not require denial of the motion. (Osgood v KDM Dev. Corp., 92 AD3d 1222 [4th Dept 2012]; D'Auria v Kent, 80 AD3d 956 [3d Dept 2011].)
With respect to the failure to annex the answers to the cross claims in this action (if indeed any such answers were filed), the court has not been able to locate any case which addresses this issue. The court finds that this technical error does not warrant denial of the motion. CPLR 3011 gives a party serving a cross claim the option to require an answer by including a demand in the pleading. Conversely, if no demand is made, no reply is required, and the cross claim is simply deemed denied or avoided. None of the answers submitted on the present motion contained such a demand. No purpose would be served by requiring that any answers to a cross claim be annexed to the moving papers on a motion for summary judgment, in view of the fact that the cross claim is deemed denied as a matter of law.
Consequently, the motion is properly before the court, and the moving defendant’s own deposition testimony may be *720 considered on the motion. However, the moving defendant’s reliance on his own deposition testimony is not sufficient to establish his freedom from negligence.
It is well established that a rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence on the part of the driver of the offending vehicle and imposes a burden on him or her to proffer a non-negligent explanation for the accident. (Francisco v Schoepfer, 30 AD3d 275 [1st Dept 2006]; Mullen v Rigor, 8 AD3d 104 [1st Dept 2004]; Malone v Morillo, 6 AD3d 324 [1st Dept 2004]; Singh v Sanders, 286 AD2d 256 [1st Dept 2001]; Mitchell v Gonzalez, 269 AD2d 250 [1st Dept 2000].) Moreover, the failure of an opposing party to rebut the presumption of negligence will entitle the moving party to summary judgment on the issue of fault. (Toulson v Young Han Pae, 6 AD3d 292 [1st Dept 2004].)
On the other hand, in the present case, the defendant Brown admitted that in attempting to change lanes in order to exit the highway, he could not change lanes because a vehicle entering the highway would not allow him to move over. He drove side-by-side with a vehicle entering the highway for one to two minutes, with his turn signal illuminated, and then slowed from approximately 20 to 25 miles per hour to “almost a stop,” which he claimed to be approximately five miles per hour. He also admitted that traffic was light, and thus not heavy traffic which might reasonably be expected to be subject to “stop- and-go” conditions. His own admissions thus raise an inference that he came to a near stop unexpectedly or suddenly, while on a highway, raising issues of fact as to his own negligence in causing the accident.
Accordingly, defendant’s motion for summary judgment dismissing all claims and cross claims against him is denied.

 In a separate motion, this court granted defendant Mohan Singh’s motion for summary judgment dismissing all claims and cross claims against him.