■ CATHY CHAHALIS et al., Appellants, v SUNRISE SENIOR LIVING MANAGEMENT, INC., Respondent. [986 NYS2d 856]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Brandveen, J.), dated December 20, 2012, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

On December 6, 2007, while Cathy Chahalis (hereinafter Chahalis) was visiting a close relative, who was a bedridden resident at the defendant's assisted living facility in Lynbrook, Chahalis saw that her relative was in pain and in need of assistance. After Chahalis sought unsuccessfully to find an available employee on the same floor as her relative's room, she went to a different floor and found an employee who agreed to assist Chahalis's relative. When Chahalis and the employee reached the resident's room, the employee told Chahalis to stand on the other side of the bed and hold one side of the mattress pad. Chahalis complied, but when the employee, without warning, began to lift Chahalis's relative and told Chahalis to "lift" as well, it appeared to Chahalis that her relative was in danger of falling off the bed. To prevent that from happening, Chahalis lifted her side of the mattress pad. In doing so, Chahalis, who had recently undergone back surgery and had informed the defendant's employee of that circumstance, allegedly was injured.

Chahalis, and her husband suing derivatively, commenced this action. After depositions were conducted, the defendant moved for summary judgment dismissing the complaint. The defendant contended, among other things, that Chahalis agreed to assist the employee in lifting her relative and that, in attempting to lift her relative, Chahalis acted as a "volunteer." Accordingly, Chahalis could not hold the defendant, the employer, responsible for her alleged injuries (see *Farkas v Cedarhurst Natural Food Shoppe*, 51 AD2d 793, 794 [1976], *affd on other grounds* 41 NY2d 1041 [1977]). The Supreme Court granted the defendant's motion on that basis, and the plaintiffs appeal. We reverse.

The defendant failed to satisfy its prima facie burden on its motion for summary judgment dismissing the complaint. The defendant's submissions in support of its motion did not establish, prima facie, that, as a matter of law, Chahalis acted as a volunteer in assisting the defendant's employee in performing responsibilities of the employer (see *Bravo v Vargas*, 113 AD3d 579, 582 [2014]; cf. *Farkas v Cedarhurst Natural Food Shoppe*, 51 AD2d at 794). In light of the defendant's failure to establish its prima facie entitlement to judgment as a matter of law, its motion for summary judgment dismissing the complaint should have been denied without regard to the sufficiency of the plaintiffs' papers submitted in opposition (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Kuris v El Sol Contr. & Constr. Corp.*, 116 AD3d 675 [2014]).

In light of our determination, we need not address the parties' remaining contentions. Balkin, J.P., Dickerson, Chambers and Hall, JJ., concur.