Couchman v Nunez (2020 NY Slip Op 00844)





Couchman v Nunez


2020 NY Slip Op 00844


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-12891
 (Index No. 513016/16)

[*1]Ron Couchman, appellant, 
v
Manuel Osvaldo Nunez, Jr., et al., defendants, MTLR Corp., respondent.


Shapiro Law Offices, PLLC, Bronx, NY (Ernest S. Buonocore of counsel), for appellant.
Molod Spitz & DeSantis, P.C., New York, NY (Andrew Small and Marcy Sonneborn of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated September 20, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendant MTLR Corp. which was for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant MTLR Corp. which was for summary judgment dismissing the amended complaint insofar as asserted against it is denied.
On July 15, 2016, the plaintiff, while operating his motorcycle, allegedly was injured in an accident involving a vehicle operated by the defendant Manuel Osvaldo Nunez, Jr., owned by the defendant MTLR Corp. (hereinafter MTLR), and leased to the defendant BAM Produce, Inc. (hereinafter BAM). The plaintiff commenced this action against Nunez, BAM, and MTLR to recover damages for personal injuries. With respect to MTLR, the plaintiff alleged that it was negligent in failing to maintain and repair its vehicle. MTLR moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it, contending that, pursuant to the Graves Amendment (49 USC § 30106), it could not be held liable for the plaintiff's injuries because it was engaged in the trade of leasing motor vehicles, and the accident was not the result of any negligence on its part. The Supreme Court granted that branch of MTLR's motion. The plaintiff appeals.
In general, the Graves Amendment provides "that the owner of a leased or rented motor vehicle cannot be held liable for personal injuries resulting from the use of such vehicle by reason of being the owner of the vehicle for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease if: (1) the owner is engaged in the trade or business of renting or leasing motor vehicles, and (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner)'" (Cioffi v S.M. Foods, Inc., 129 AD3d 888, 892, quoting 49 USC § 30106[a][2]; see Currie v Mansoor, 159 AD3d 797, 798; Bravo v Vargas, 113 AD3d 579, 580). However, where "a plaintiff seeks to hold a vehicle owner liable for the alleged failure to maintain a rented vehicle" (Olmann v Neil, 132 AD3d [*2]744, 745), the vehicle owner is not afforded protection under the Graves Amendment if it fails to demonstrate that it did not negligently maintain its vehicle (see Lozano v Magda, Inc., 165 AD3d 1249, 1249; Casine v Wesner, 165 AD3d 749, 749-750).
Here, MTLR failed to meet its prima facie burden demonstrating its entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against it. Although MTLR submitted evidence showing that it owned the subject vehicle, that it was engaged in the business of leasing vehicles, and that the subject accident occurred during the period of the rental (see Currie v Mansoor, 159 AD3d at 798), MTLR failed to submit any admissible evidence demonstrating the condition of the vehicle at the time of delivery or at any time up to the happening of the accident (see Olmann v Neil, 132 AD3d at 745-746).
Accordingly, since MTLR failed to satisfy its initial burden, the Supreme Court should have denied that branch of its motion which was for summary judgment dismissing the amended complaint insofar as asserted against it, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court