Massiah v Latouche (2024 NY Slip Op 50759(U))

[*1]

Massiah v Latouche

2024 NY Slip Op 50759(U)

Decided on June 23, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 23, 2024
Supreme Court, Kings County

Antwan Massiah, Plaintiff,

against
Armong Latouche, Defendant.

Index No. 517968/2022

Nicholas Rose, PLLC, Forest Hills, for Plaintiff.
Law Offices of Nancy L. Isserlis, Long Island City, for Defendant.

Aaron D. Maslow, J.

The following numbered papers were read on this motion: NYSCEF Document Numbers 8-19.
Upon the foregoing papers, and the Court having elected to determine the within motion on submission pursuant to 22 NYCRR 202.8-f and IAS Part 2 Rules, Part II (Motions & Special Proceedings), Subpart C (Appearances & Post-Order Matters), Section 6 (Personal Appearances) ("All motions presumptively are to be argued in person unless the Court informs the parties at least two days in advance that it has made a sua sponte determination that a motion will be determined on submission.)," and due deliberation having been had thereon,
It is hereby ORDERED as follows:
The motion by Plaintiff Antwan Massiah (hereinafter "Massiah") seeking summary judgment with respect to the issue of liability is GRANTED.
The instant action arises out of a motor vehicle accident on Nov. 8, 2021 at or near the intersection of Sheffield Avenue and New Lots Avenue in Kings County (see NYSCEF Doc No. 13 ¶4). Plaintiff was a passenger in a taxi when Defendant driver allegedly struck a double-parked vehicle while using a cell phone and looking in the rearview mirror (see NYSCEF Doc No. 10 ¶¶ 8-9). Plaintiff contends Defendant failed to provide a non-negligent explanation for the collision. Defendant, however, argues that he was faced with a sudden emergency when a car in a driveway threatened to back into Defendant, forcing him to move forward and strike the [*2]double-parked car at 5 miles per hour (see NYSCEF Doc No. 15, Latouche tr at 21, lines 10-20).
"A nonnegligent explanation [for a rear-end collision] may include evidence of a mechanical failure, a sudden stop of the vehicle ahead, an unavoidable skidding on wet pavement, or any other reasonable cause" (Ortiz v Hub Truck Rental Corp., 82 AD3d 725, 726 [2d Dept 2011]; see Orcel v Haber, 140 AD3d 937 [2d Dept 2016). Under the emergency doctrine, "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (Rivera v New York City Tr. Auth., 77 NY2d 322, 327 [1991]; see Weber v Monsey New Sq. Trails Corp., 191 AD3d 929 [2d Dept 2021]). However, the emergency doctrine does not apply where the actor "encounters a known, foreseeable hazard which [they] in fact observed enter [their] path prior to the accident or where [they] fail to be aware of the potential hazards presented by traffic conditions, including stoppages" (Freder v Costello Indus., Inc., 162 AD3d 984, 986 [2d Dept 2018] [internal quotation marks omitted]). "Both the existence of an emergency and the reasonableness of a party's response to it generally present issues of fact" (Bravo v Vargas, 113 AD3d 579, 581 [2d Dept 2014]; see Fergile v Payne, 202 AD3d 928, 931 [2d Dept 2022]). However, not every claim of an emergency situation creates a an issue of fact (e.g. Caristo v Sanzone, 96 NY2d 172 [2001]).
Here, Defendant failed to provide a non-negligent explanation for the collision as the claimed emergency resulted from Defendant's own actions. By Defendant's own admission at deposition, he was aware of the double-parked car upon stopping to pick up Plaintiff (see NYSCEF Doc No. 15, Latouche tr at 19, lines 22-24) and caused the accident by lifting his foot from the brake (see id. at 22, line 7) for an instant which caused the vehicle to strike the double-parked car at 5 miles per hour (see id. at 21, lines 18-19; see Freder, 162 AD3d 984):
Q. Where were you looking when the contact took place with the double parked car?
A. Okay. I was looking at the car that was in the driveway where the guy got into his car and blew his horn. I was looking at that direction. Then suddenly I lift my foot off and hit that car.
(Id. at 22, lines 2-7 [emphasis added])
Thus, Defendant was looking elsewhere when he took his foot off the brake, making him the proximate cause of the collision into the double-parked vehicle.
Even if, arguendo, Defendant faced an emergency situation, it seems unreasonable to imagine any driver would choose to strike a double-parked car which they had notice of instead of drive around it (see Bravo, 113 AD3d at 581). 
Defendant Armong Latouch therefore failed to make out a prima facie claim of a reasonable response to an emergency situation. Consequently, Plaintiff's prima facie case showing with respect to liability remains unrebutted. Plaintiff's motion for summary judgment on the issue of liability is GRANTED.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York