■ PATRICIA SHERIN, Respondent, v AMY LOUISE RODA et al., Respondents-Appellants, and AILEEN A. LAUER et al., Appellants-Respondents. [789 NYS2d 213]—

In an action to recover damages for personal injuries, the defendants Aileen A. Lauer and Joseph Lauer appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Joseph, J.), dated January 13, 2004, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that they were not at fault in causing the subject accident, and the defendants Amy Louise Roda and William J. Gamble cross-appeal, as limited by their brief, from so much of the same order as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, with one bill of costs, the motions are granted, and the complaint and all cross claims are dismissed.

On the evening of January 13, 2000, on Route 107 in Bethpage, Nassau County, a motor vehicle operated by the plaintiff was struck in the rear by a motor vehicle operated by the defendant William J. Gamble and owned by the defendant Amy Louise Roda. As a result of the impact, the plaintiff's vehicle struck the rear of the vehicle which was owned by the defendant Aileen A. Lauer and operated by the defendant Joseph Lauer. At the time of impact, the Lauers' car was stopped at a red light in front of the plaintiff's vehicle.

The Lauers moved for summary judgment, inter alia, on the issue of liability, and Roda and Gamble also moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The Supreme Court denied both motions.

The Lauers established their prima facie entitlement to judgment as a matter of law by demonstrating that they were not negligent since their vehicle was stopped at a red light at the time of impact (*see Harriott v Pender,* 4 AD3d 395, 397 [2004]; *Davis v Quinones,* 295 AD2d 394 [2002]). Neither the plaintiff nor Roda and Gamble raised a triable issue of fact. Therefore, the Supreme Court should have granted the Lauers' motion for summary judgment.

Roda and Gamble also established their prima facie entitle-

ment to summary judgment demonstrating that the plaintiff did not sustain a serious injury based on unsworn reports of the plaintiff's physicians (*see Mantila v Luca,* 298 AD2d 505 [2002]; *Fragale v Geiger,* 288 AD2d 431 [2001]; *Pagano v Kingsbury,* 182 AD2d 268, 271 [1992]).

In opposition, the plaintiff submitted unsworn medical reports, which were inadmissible (*see Young v Ryan,* 265 AD2d 547, 548 [1999]). Further, the affirmations submitted by an orthopedic surgeon, Dr. Moriarty, and an orthopedic physician, Dr. Schwartz, failed to set forth whether the plaintiff's alleged injuries were causally related to the subject motor vehicle accident (*see Verrelli v Tronolone,* 230 AD2d 789 [1996]). Therefore, since the plaintiff failed to raise a triable issue of fact, the Supreme Court also should have granted Roda and Gamble's motion for summary judgment. Schmidt, J.P., Adams, Cozier and S. Miller, JJ., concur.