■ Barbara J. Garces, Appellant, v Alexander H. Karabelas et al., Defendants, and Bruce Kahl et al., Respondents. [794 NYS2d 75]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), entered January 12, 2004, as granted the motion of the defendants Bruce Kahl and Lindsay B. Kahl for summary judgment dismissing the complaint insofar as asserted against them, and denied that branch of her cross motion which was for summary judgment on the issue of liability against those defendants.

Ordered that the order is affirmed insofar as appealed from, with costs.

A rear-end collision with a stopped vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on the operator of the moving vehicle to provide a nonnegligent explanation for the happening of the accident to rebut the inference of negligence (*see Hollis v Kellog,* 306 AD2d 244 [2003]; *Leal v Wolff,* 224 AD2d 392 [1996]).

The evidence presented by the defendants Bruce Kahl and

Lindsay B. Kahl (hereinafter the Kahls) was sufficient, as a matter of law, to place sole responsibility for the motor vehicle accident upon the defendants Alexander H. Karabelas and Alexis M. Karabelas (*see Rebecchi v Whitmore,* 172 AD2d 600 [1991]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the Kahls were negligent and, if so, whether such negligence was a proximate cause of the accident (*see Irmiyayeva v Thompson,* 296 AD2d 439 [2002]; *Jeremic v Tong,* 283 AD2d 461 [2001]; *Espinoza v Diaz,* 280 AD2d 639 [2001]). Schmidt, J.P., Santucci, Spolzino and Lifson, JJ., concur.