■ ENITE M. TOUSSAINT et al., Appellants, v FERRARA BROS. CEMENT MIXER et al., Respondents. [823 NYS2d 223]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated January 24, 2005, as granted that branch of the motion of the defendants Ferrara Bros. Cement Mixer and Nicola Rana which was for summary judgment dismissing the complaint insofar as asserted against them and granted the separate motion of the defendant Judlau Contracting, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

The injured plaintiff was riding as a passenger in a vehicle which collided with a stationary cement mixer owned by the defendant Ferrara Bros. Cement Mixer (hereinafter Ferrara), and operated by the defendant Nicola Rana. Ferrara and Rana made a prima facie showing of entitlement to judgment as a matter of

law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Dileo v Greenstein*, 281 AD2d 586 [2001]). A rear-end collision with a stopped vehicle establishes, prima facie, that the driver of the moving vehicle was negligent and imposes a duty on him or her to explain how the accident happened (*id.*). In opposition to the motion, the plaintiffs failed to raise a triable issue of fact. In particular, the unsworn accident report which the plaintiffs submitted in opposition to the motion was incompetent inadmissible hearsay (*see Daliendo v Johnson*, 147 AD2d 312, 321 [1989]). Even if this report could be qualified as a business record, there is no foundation in the record to support its admissibility (*see* CPLR 4518 [a]).

Moreover, the defendant Judlau Contracting, Inc., which allegedly employed a flag person at the site where the collision occurred, also made a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contention is without merit. Miller, J.P., Crane, Santucci and Luciano, JJ., concur.