JOSETTE NOZINE, Respondent, v BHAIDO ANURAG et al., Defendants, and MARIE JEAN et al., Appellants. [831 NYS2d 511]—

In an action to recover damages for personal injuries, the defendants Marie Jean and Kersine Jean, sued herein as Jean Kersine, appeal from an order of the Supreme Court, Kings County (Lewis, J.), dated February 10, 2006, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint insofar as asserted against the defendants Marie Jean and Kersine Jean, sued herein as Jean Kersine, is granted.

The plaintiff alleges that she sustained personal injuries in an accident which occurred while she was a passenger in a vehicle owned by the defendant Kersine Jean, sued herein as Jean Kersine, and operated by the defendant Marie Jean. The accident occurred when the Jean vehicle, which was stopped at a red light, was struck in the rear by a vehicle owned by the defendant Jose Guzman, and operated by the defendant Bhaido Anurag. Immediately after the accident, Anurag admitted that the collision occurred when his foot slipped off the brake pedal.

A rear-end collision with a stopped vehicle creates a prima facie case of negligence against the operator of the moving vehicle, thereby requiring that operator to rebut the inference of negligence by coming forward with an adequate, non-negligent explanation for the accident (*see Toussaint v Ferrara Bros. Cement Mixer*, 33 AD3d 991 [2006]; *Emil Norsic & Son, Inc. v L.P. Transp., Inc.*, 30 AD3d 368 [2006]; *Piltser v Donna Lee Mgt. Corp.*, 29 AD3d 973 [2006]). Here, the appellants sustained

their burden of establishing their prima facie entitlement to judgment as a matter of law by submitting evidence that their vehicle was lawfully stopped at a red light when the collision occurred (*see Sherin v Roda,* 14 AD3d 604 [2005]; *Sabbagh v Shalom,* 289 AD2d 469 [2001]). In opposition to the motion, neither the plaintiff nor the codefendants came forward with evidence to rebut the inference that Anurag was negligent, and to raise an issue of fact as to whether any negligence on the part of the appellants caused or contributed to the collision (*see Sherin v Roda, supra; Garces v Karabelas,* 17 AD3d 633 [2005]; *Irmiyayeva v Thompson,* 296 AD2d 439 [2002]). Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them.

In light of our determination, we need not reach the alternate basis asserted by the appellants for seeking summary judgment. Crane, J.P., Krausman, Fisher and Dickerson, JJ., concur.