Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered June 11, 2008, which, to the extent appealed from as limited by the briefs, denied so much of defendants’ motion as sought summary judgment dismissing the complaint against defendant Chris Hanover, unanimously reversed, on the law, *418 without costs, that portion of the motion granted, and the complaint dismissed as against said defendant. The Clerk is directed to enter judgment accordingly.
Plaintiff bases her causes of action upon allegations of negligence in the maintenance of the apartment building in which she resided. Hanover is the president of defendant Palazzolo Realty Corp., the owner of the premises. The conduct plaintiff attributes to Hanover amounts to nothing more than nonfeasance, for which he bears no liability as a corporate officer (see MLM LLC v Karamouzis, 2 AD3d 161 [2003]). Supreme Court, however, denied the motion with respect to Hanover on the sole ground that he was the registered managing agent of the building. This conclusion could only have been based on an unsworn printout of a building registration summary report of the New York City Department of Housing Preservation and Development (HPD). The court’s reasoning was erroneous for two reasons. First, plaintiff never made the claim that Hanover was a registered managing agent. Second, the unsworn HPD report is incompetent hearsay and insufficient to raise a triable factual issue on a motion for summary judgment (see Toussaint v Ferrara Bros. Cement Mixer, 33 AD3d 991, 992 [2006]). Concur—Tom, J.P., Sweeny, McGuire, DeGrasse and Freedman, JJ.