HELLAS FOS, INC., Appellant, v ANTONIO RUSSO et al., Defendants, and BAYVIEW LOAN SERVICING, LLC, Respondent. [924 NYS2d 447]—

In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Whelan, J.), dated December 18, 2009, which granted the motion of the defendant Bayview Loan Servicing, LLC, for summary judgment dismissing the complaint insofar as asserted against it, and (2) a judgment of the same court entered August 25, 2010, which, upon the order dated December 18, 2009, and upon an order dated May 19, 2010, inter alia, granting the cross motion of the defendant Bayview Loan Servicing, LLC, to modify the order dated December 18, 2009, to include a declaration regarding the discharge of the plaintiff's mortgage, is in favor of the defendant Bayview Loan Servicing, LLC, and against the plaintiff, in effect, dismissing the complaint insofar as asserted against the defendant Bayview Loan Servicing, LLC, and declaring that the plaintiff's mortgage was discharged and that the mortgage held by the defendant Bayview Loan Servicing, LLC, is superior to it.

Ordered that the appeal from the order dated December 18, 2009, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant Bayview Loan Servicing, LLC.

The appeal from the intermediate order dated December 18, 2009, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order dated December 18, 2009, are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In 1985, Matthew Patkowski and Margaret Patkowski owned

certain premises and obtained a mortgage on those premises to secure a debt of $539,000, which mortgage was eventually assigned to Adrienne D. Groom. In October 2005, the premises were sold, and a new mortgage was obtained from a commercial lending corporation, which eventually was assigned to the defendant Bayview Loan Servicing, LLC (hereinafter Bayview). As part of the 2005 transaction and pursuant to an agreement executed by Groom and her predecessor in interest, a payment of $135,000 was made to Groom, who then executed a satisfaction of mortgage, along with an affidavit indicating that the outstanding balance of the 1985 note had been paid in full. Subsequently, in May 2007, Groom purported to assign her interest in the 1985 mortgage to the plaintiff, who commenced this action to foreclose on that mortgage, claiming an outstanding balance of $400,000.

Bayview established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by submitting evidence that the debt underlying the mortgage assigned to the plaintiff had been paid in full prior to the assignment (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *FGB Realty Advisors v Parisi*, 265 AD2d 297, 298 [1999]). In opposition, the plaintiff submitted no evidence demonstrating the existence of a triable issue of fact as to whether the $135,000 payment made to Groom was intended to be only a partial payment on the 1985 debt (*see Zuckerman v City of New York*, 49 NY2d at 562; *FGB Realty Advisors v Parisi*, 265 AD2d at 298). The plaintiff contends that the documents evidencing the full payment of the note and satisfaction of the mortgage were not reliable and suggests that the 2005 transaction was fraudulent. However, such conclusory and speculative allegations are insufficient to defeat summary judgment (*see Freedman v Chemical Constr. Corp.*, 43 NY2d 260, 264 [1977]; *Votta v Votta Enters.*, 249 AD2d 536, 537 [1998]).

Accordingly, the Supreme Court properly granted summary judgment to Bayview, dismissing the complaint insofar as asserted against it and declaring that the plaintiff's mortgage was discharged and that the mortgage held by Bayview is superior to it. Mastro, J.P., Leventhal, Austin and Cohen, JJ., concur.