■ Kim Moore, Appellant, v Kuldip Singh, Respondent. [969 NYS2d 146]——

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Ecker, J.), dated February 27, 2012, which granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

On August 3, 2008, around noon, the plaintiff, while operating his motorcycle on Route 52 in Newburgh, allegedly sustained injuries as a result of coming into contact with the rear of a cargo van operated by the defendant. Both the plaintiff's

motorcycle and the defendant's van had been traveling eastbound on Route 52, a two-way road with one lane for travel in each direction.

The plaintiff commenced this action against the defendant to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint and the plaintiff cross-moved for summary judgment on the issue of liability. The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion.

" 'A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle' " (*Ortiz v Hub Truck Rental Corp.*, 82 AD3d 725, 726 [2011], quoting *Nsiah-Ababio v Hunter*, 78 AD3d 672, 672 [2010]; *see* Vehicle and Traffic Law § 1129 [a]; *Fajardo v City of New York*, 95 AD3d 820, 820-821 [2012]; *Zweeres v Materi*, 94 AD3d 1111, 1111 [2012]).

The defendant established his prima facie entitlement to judgment as a matter of law by submitting his deposition testimony that he was stopped on Route 52 due to the presence of other vehicles stopped in front of him in the eastbound lane of Route 52 which were waiting for another vehicle to turn left. The defendant also testified that, upon seeing the stopped vehicles in front of him, he applied pressure to his brakes and it took about four to five seconds from the time he saw those vehicles until his vehicle came to a stop. He also testified that, although he did not see the plaintiff's motorcycle before the accident occurred, he was stopped for 20 seconds before he heard the sound of the plaintiff's motorcycle. In addition, the defendant submitted the plaintiff's deposition testimony in which the plaintiff admitted that he hit the defendant's van in the rear when, while traveling 40 to 45 miles per hour approximately two to three car lengths behind the defendant's van, he was unable to stop despite seeing the defendant's brake lights illuminate approximately one to two seconds before impact. Consequently, the defendant demonstrated prima facie that he was not at fault in the happening of the accident (*see Nozine v Anurag*, 38 AD3d 631, 632 [2007]; *Sherin v Roda*, 14 AD3d 604, 605 [2005]).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant was negligent or, if so, whether that negligence caused or contributed to the happening of the accident (*see Nozine v Anurag*, 38 AD3d at 632; *Garces v Karabelas*, 17 AD3d 633, 634 [2005]). The plaintiff is correct that the Supreme Court should have accepted his affidavit and that of his passenger submitted in opposition to the defendant's

motion and in support of his cross motion, as they did not contradict the plaintiff's earlier deposition testimony (*compare Sunshine Care Corp. v Warrick*, 100 AD3d 981, 983 [2012]). However, even giving full credit to their statements that, at the point where the accident occurred, which was not near an intersection, the defendant moved toward the left of the lane while continuing to stay within that lane, with his left directional signal illuminated, and then moved back to the right side within that same lane before the plaintiff's motorcycle hit the rear of the defendant's van, such statements were insufficient to raise a triable issue of fact as to whether the defendant was at fault in the happening of the accident (*see Nozine v Anurag*, 38 AD3d at 632; *Garces v Karabelas*, 17 AD3d at 634).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment on the issue of liability. Rivera, J.P., Dillon, Dickerson and Austin, JJ., concur.