In an action to recover damages for personal injuries and injury to property, the defendant Douglas F. Leary appeals from an order of the Supreme Court, Queens County (Markey, J.), entered November 13, 2012, which denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.
Ordered that the order is reversed, on the law, with one bill of costs payable by the defendant Constance Trottman and the defendant EAN Trust Company to the defendant Douglas E Leary, and the motion of the defendant Douglas F. Leary for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is granted.
The defendant Douglas F. Leary was stopped in his vehicle at a red light at the intersection of Linden Boulevard and Elmont Road in Elmont, directly behind the plaintiffs vehicle, when a third vehicle, operated by the defendant Constance Trottman and owned by the defendant EAN Trust Company (hereinafter EAN), struck the driver’s side of Leary’s vehicle, and also struck the plaintiffs vehicle. Trottman told Leary that she was unable to bring her vehicle to a stop because her brakes did not respond on the wet roadway. The plaintiff commenced this action against Leary, Trottman, and EAN. Trottman and EAN asserted *782 cross claims for contribution against Leary. Before depositions were conducted, Leary moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Trottman and BAN separately opposed the motion. The plaintiff did not submit any papers in opposition. The Supreme Court denied Leary’s motion.
To establish his prima facie entitlement to judgment as a matter of law on his motion for summary judgment, the burden was on Leary to demonstrate that he was not at fault in the happening of the accident (see Moore v Singh, 108 AD3d 602 [2013]; Nozine v Anurag, 38 AD3d 631, 632 [2007]; Sherin v Roda, 14 AD3d 604, 605 [2005]; see also Cajas-Romero v Ward, 106 AD3d 850, 851 [2013]; Kastritsios v Marcello, 84 AD3d 1174, 1174-1175 [2011]; Hill v Ackall, 71 AD3d 829 [2010]). In support of his motion, Leary submitted an affidavit, in which he stated that his vehicle was stopped for a red light at the intersection of Linden Boulevard and Elmont Road for at least 30 seconds in the right lane of the two lanes for traffic traveling in his direction on Linden Boulevard, when he was struck on the “driver’s side toward . . . the rear” by the vehicle operated by Trottman. He stated that his vehicle neither moved as a result of the impact nor came into contact with the plaintiffs vehicle, which was stopped in front of him. Consequently, Leary established his prima facie entitlement to judgment as a matter of law (see Moore v Singh, 108 AD3d at 602; Nozine v Anurag, 38 AD3d at 632; Sherin v Roda, 14 AD3d at 605). Since the plaintiff did not submit any papers in opposition, the Supreme Court should have granted that branch of Leary’s motion which was for summary judgment dismissing the complaint insofar as asserted against him.
In opposition to Leary’s prima facie showing, neither Trottman nor BAN raised a triable issue of fact. Trottman explained, in her affidavit in opposition to the motion, that she was unable to stop her vehicle from colliding with the plaintiffs vehicle and Leary’s vehicle on the wet road despite traveling within the speed limit, at a safe distance behind the other vehicles, and applying her brakes at a reasonable distance. However, Trottman’s affidavit was silent as to the manner in which Leary operated his vehicle, and did not attribute the happening of the accident to Leary’s operation of his vehicle. While Trottman’s account of the accident may provide a defense with respect to the plaintiffs causes of action against her, it did not raise a triable issue of fact with respect to any alleged negligence on Leary’s part (see Moore v Singh, 108 AD3d at 602).
Further, there is no merit to the contention, made by both *783 Trottman and EAN in their submissions to the Supreme Court, that Leary’s motion was premature because neither he nor the plaintiff had been deposed. “A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence” (Cajas-Romero v Ward, 106 AD3d at 852; see Anzel v Pistorino, 105 AD3d 784, 786 [2013]; Cortes v Whelan, 83 AD3d 763 [2011]). The “ ‘mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion’ ” (Cajas-Romero v Ward, 106 AD3d at 852, quoting Lopez v WS Distrib., Inc., 34 AD3d 759, 760 [2006]; see Anzel v Pistorino, 105 AD3d at 786; Cortes v Whelan, 83 AD3d at 763). Trottman and EAN failed to identify what information they hoped to discover at the depositions of the plaintiff and Leary that would demonstrate that Leary caused or contributed to the happening of accident (see Cajas-Romero v Ward, 106 AD3d at 852). Since it was undisputed that both the plaintiffs vehicle and Leary’s vehicle were stopped at a red light for at least 30 seconds when the accident occurred, the denial of those branches of Leary’s motion which were for summary judgment dismissing all cross claims asserted against him, on the grounds that those branches of the motion were premature and that deposition testimony would reveal relevant evidence with respect to Leary’s alleged negligence, was based on mere speculation (see Lopez v WS Distrib., Inc., 34 AD3d at 760).
Accordingly, the Supreme Court should have granted those branches of Leary’s motion which were for summary judgment dismissing all cross claims asserted against him. Skelos, J.P., Balkin, Austin and Sgroi, JJ, concur.