■ SARA KORNREICH et al., Respondents, v YOUNG MEN'S AND YOUNG WOMEN'S HEBREW ASSOCIATION OF BORO PARK, INC., Appellant, et al., Defendant. [17 NYS3d 896]—

In an action to recover damages for personal injuries, etc., the defendant Young Men's and Young Women's Hebrew Association of Boro Park, Inc., appeals from an order of the Supreme Court, Kings County (Pfau, J.), dated May 16, 2014, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Young Men's and Young Women's Hebrew Association of Boro Park, Inc., for summary judgment dismissing the complaint insofar as asserted against it is granted.

The injured plaintiff allegedly slipped and fell on a wet condition in a room at the appellant's premises, which contained a whirlpool, sauna, and showers. The injured plaintiff, and her husband suing derivatively, commenced this action against the appellant, among others. The appellant moved for summary judgment, contending, inter alia, that it cannot be held liable for the injured plaintiff's accident since the wet condition of the room was necessarily incidental to its use. The Supreme Court denied its motion.

The appellant established its prima facie entitlement to judgment as a matter of law by demonstrating that the wet condition of the area where the injured plaintiff fell was necessarily incidental to its use as a whirlpool, sauna, and shower room, and that it cannot be held liable for the purportedly wet condition (see Rizzo v Sherwin-Williams Co., 49 AD3d 847, 849 [2008]; Martinez v City of New York, 276 AD2d 756 [2000]; Valdez v City of New York, 148 AD2d 697 [1989]; Sciarello v Coast Holding Co., Inc., 242 App Div 802 [1934], affd 267 NY 585 [1935]). In opposition, the plaintiffs failed to raise a triable issue of fact. The injured plaintiff's affidavit, in which she stated that the floor was excessively wet, contradicted her prior deposition testimony and was insufficient to raise a triable issue of fact (see Bluth v Bias Yaakov Academy for Girls, 123 AD3d 866 [2014]; Patsis v Nicolia, 120 AD3d 1326, 1328 [2014]). The affidavit of nonparty Toby Landau should not have been considered in determining the motion, since she was not previously identified during discovery (see Perez v New York City Hous. Auth., 75 AD3d 629, 630 [2010]; Andujar v Benenson Inv. Co., 299 AD2d 503 [2002]). The affidavit of the plaintiffs' daughter, who arrived at the scene of the accident 30 to 45 minutes after it occurred, failed to raise a triable issue of fact as to whether the floor was excessively wet when the incident occurred (see generally Andujar v Benenson Inv. Co., 299 AD2d 503 [2002]).

Accordingly, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it. Eng, P.J., Chambers, Roman and Barros, JJ., concur.