■ Robert E. Reale, Appellant, v Gregory Tsoukas et al., Respondents, et al., Defendant. [45 NYS3d 148]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Dollard, J.), dated September 23, 2014, as granted the motion of the defendants Gregory Tsoukas, Panayiotis Tsoukas, and Everbank for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

This is an action to foreclose a mortgage encumbering two parcels of real property in Staten Island, one located on Richmond Avenue (hereinafter the Richmond property), the other on Nicolosi Loop (hereinafter the Nicolosi property). The subject mortgage, a so-called "spreader mortgage," secured a loan in the amount of $110,000, given by the plaintiff to the then owner of both properties, the defendant Lori Martinelli, also known as Lori Menake (hereinafter Martinelli). This foreclosure action relates solely to the Richmond property, which is currently owned by the defendants Gregory Tsoukas and Panayiotis Tsoukas (hereinafter together Tsoukas).

On March 11, 2008, Martinelli refinanced the Nicolosi property for the sum of $1,500,000. The plaintiff received a total of $1,381,429.26 from the refinancing and executed satisfactions of mortgage pertaining to each of the two mortgages of record encumbering the Nicolosi property at that time, including the subject mortgage. Thus, by a satisfaction of mortgage dated March 12, 2008 (hereinafter the satisfaction), the plaintiff "certif[ied]" that the subject mortgage had been paid and consented that it be discharged of record. However, the satisfaction further stated that it was "given only to the extent that the Mortgage affects [the Nicolosi property]." The plaintiff now seeks to foreclose the subject mortgage, which he contends was not satisfied by the Nicolosi property refinance, or anytime before or since, with respect to the Richmond property.

Relying on the satisfaction and other documents from the refinance closing and the subsequent closing on the sale of the Richmond property, Tsoukas and the defendant Everbank (hereinafter collectively the defendants) moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the mortgage the plaintiff sought to foreclose had been satisfied. The Supreme Court, inter alia, granted the defendants' motion.

Contrary to the plaintiff's contention, the evidence submitted by the defendants in support of their motion was sufficient

to establish, prima facie, that the debt underlying the subject mortgage was paid in full at the 2008 refinance of the Nicolosi property (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). A plaintiff cannot foreclose on a mortgage if the debt it secures has been satisfied (*see Hellas Fos, Inc. v Russo*, 84 AD3d 1166, 1167 [2011]).

In opposition, the plaintiff submitted his own affidavit and that of a nonparty who had represented him at the refinance, along with a spreadsheet allegedly showing how the monies the plaintiff received at the refinance were used to pay various loans owed by Martinelli, but not the debt underlying the subject mortgage. These submissions, and the plaintiff's conclusory and speculative allegations that the documents evidencing full payment of the subject mortgage were not reliable, were insufficient to defeat summary judgment (*see Zuckerman v City of New York*, 49 NY2d at 562; *Matter of Agai v Diontech Consulting, Inc.*, 138 AD3d 736, 737 [2016]; *Kornreich v Young Men's & Young Women's Hebrew Assn. of Boro Park, Inc.*, 132 AD3d 815, 816 [2015]; *Zhu v Natale*, 131 AD3d 607, 608 [2015]; *Patsis v Nicolia*, 120 AD3d 1326, 1328 [2014]; *Hellas Fos, Inc. v Russo*, 84 AD3d at 1167).

Contrary to the plaintiff's contention, the language in the satisfaction stating that it was given "only to the extent that the Mortgage affects [the Nicolosi property]" could not prevent the satisfaction from applying to the Richmond property as well, insofar as the evidence showed that the full $110,000 of the subject mortgage was paid to the plaintiff. "A mortgage is merely security for a debt or other obligation and cannot exist independently of the debt or obligation" (*FGB Realty Advisors v Parisi*, 265 AD2d 297, 298 [1999]; *see Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909, 911 [2013]; *Bank of N.Y. v Silverberg*, 86 AD3d 274, 280 [2011]). Once the underlying debt was fully paid, the subject mortgage could not continue to exist on either property.

There is no merit to the plaintiff's contention that the motion for summary judgment was premature. "A party who seeks a finding that a summary judgment motion is premature is required to put forth some evidentiary basis to suggest that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (*Vikram Constr., Inc. v Everest Natl. Ins. Co.*, 139 AD3d 720, 721 [2016]; *see* CPLR 3212 [f]; *Joon Mgt. One Corp. v Town of Ramapo*, 142 AD3d 587, 589 [2016]). The "mere hope or speculation that evidence sufficient to defeat a motion for summary judgment

may be uncovered during the discovery process is insufficient to deny the motion" (*Cajas-Romero v Ward*, 106 AD3d 850, 852 [2013] [internal quotation marks omitted]; *see Rungoo v Leary*, 110 AD3d 781, 783 [2013]; *Anzel v Pistorino*, 105 AD3d 784, 786 [2013]). Here, the plaintiff failed to meet this burden.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment. Leventhal, J.P., Chambers, Austin and LaSalle, JJ., concur.