Abbaticchio v Association for the Help of Retarded Children, Inc. (2018 NY Slip Op 03497)





Abbaticchio v Association for the Help of Retarded Children, Inc.


2018 NY Slip Op 03497


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2015-09270
 (Index No. 5358/06)

[*1]Francis Abbaticchio, etc., et al., plaintiffs-respondents,
v
Association for the Help of Retarded Children, Inc., appellant, Aleksandr Shvartsovskiy, et al., defendants- respondents, et al., defendants.


Lester Schwab Katz & Dwyer, LLP, New York, NY (Steven B. Prystowsky of counsel), for appellant.
Torgan Cooper & Aaron, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Beth S. Gereg], of counsel), for plaintiffs-respondents.
Picciano & Scahill, P.C., Westbury, NY (Francis J. Scahill and Andrea E. Ferrucci of counsel), for defendants-respondents Aleksandr Shvartsovskiy and Lubov Shvartsovskiy.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Steven C. Mandell of counsel), for defendants-respondents New York Methodist Hospital, Martin Zonenshyn, and Vi Quach.
Gwertzman Lefkowitz Burman Smith & Marcus, New York, NY (Steven Seener of counsel), for defendant-respondent Mohammed B. Anjum.
Zachary W. Carter, Corporation Counsel, New York, NY (Pamela Seider Dolgow and Max Oliver McCann of counsel), for defendants-respondents New York City Health and Hospitals Corporation, Robin Basnett, Indumthi R. Basker, Ibrahim Fikry, Abdel Wahab, and Michael Hobbie.



DECISION & ORDER
In consolidated actions to recover damages for personal injuries, etc., the defendant Association for the Help of Retarded Children, Inc., appeals from an order of the Supreme Court, Kings County (Wayne P. Saitta, J.), dated July 21, 2015. The order, insofar as appealed from, denied that branch of the motion of the defendant Association for the Help of Retarded Children, Inc., which was for summary judgment dismissing the first cause of action, alleging negligence, insofar as asserted against it and, in effect, denied that branch of the motion of the defendant Association for the Help of Retarded Children, Inc., which was for summary judgment dismissing the cross claims [*2]insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiffs-respondents and the defendants-respondents appearing separately and filing separate briefs.
This action arises out of a motor vehicle collision that occurred on June 20, 2005, at the intersection of Avenue U and Ocean Parkway in Brooklyn. The plaintiffs' decedent, Francis Abbaticchio, was a passenger in a vehicle owned by the defendant Lubov Shvartsovskiy and operated by the defendant Aleksandr Shvartsovskiy (hereinafter the driver), an employee of the defendant Association for the Help of Retarded Children, Inc. (hereinafter the Association). Abbaticchio was a 66-year-old intellectually disabled client of the Association who was being transported to a dental appointment when the collision occurred. The other vehicle involved in the collision was driven by the defendant Mohammed B. Anjum.
In February 2006, Abbaticchio, by his guardian Alice Katinas, commenced negligence actions against Anjum, the driver, the hospitals and the medical professionals who treated Abbaticchio, and the Association as the driver's employer. After Abbaticchio's death, his estate commenced two separate actions to recover damages for wrongful death and medical malpractice against, among others, the New York City Health and Hospitals Corporation and New York Methodist Hospital. The actions were consolidated.
After discovery, the Association moved for summary judgment dismissing the complaint and cross claims insofar as asserted against it, arguing that the driver did not cause the collision. The Supreme Court, inter alia, denied that branch of the Association's motion which was for summary judgment dismissing the first cause of action insofar as asserted against it, and, in effect, denied that branch of the motion which was for summary judgment dismissing the cross claims insofar as asserted against it, determining that there were triable issues of fact. The Association appeals.
To establish its prima facie entitlement to judgment as a matter of law on the subject branches of its motion, the Association had the burden of establishing, prima facie, that it (i.e., the driver) was free from fault (see Moore v Singh, 108 AD3d 602; Nozine v Anurag, 38 AD3d 631, 632; Sherin v Roda, 14 AD3d 604, 605). Contrary to the Association's contention, it failed to establish, prima facie, its freedom from fault (see Cattan v Sutton, 120 AD3d 537, 538; Skoczek v Delgado, 115 AD3d 844, 845; Jones v Vialva-Duke, 106 AD3d 1052, 1053; Stern v Amboy Bus Co., Inc., 102 AD3d 763). We therefore agree with the Supreme Court's determination to deny that branch of the Association's motion which was for summary judgment dismissing the first cause of action, alleging negligence, insofar as asserted against it, and, to, in effect, deny that branch of its motion which was summary judgment dismissing the cross claims insofar as asserted against it, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., AUSTIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court