U.S. Bank N.A. v Wiener (2019 NY Slip Op 03101)





U.S. Bank N.A. v Wiener


2019 NY Slip Op 03101


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-02346
2016-02347
 (Index No. 12966/13)

[*1]U.S. Bank National Association, etc., respondent,
v
Rochelle Wiener, etc., appellant, et al., defendants.


R. David Marquez, P.C., Mineola, NY, for appellant.
Parker Ibrahim & Berg LLC, New York, NY (Melinda Colón Cox and Diane C. Ragosa of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Rochelle Wiener appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered June 12, 2015, and (2) an order of the same court entered October 20, 2015. The orders, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference and, in effect, denied that defendant's cross motion, inter alia, for leave to amend her answer.
ORDERED that the appeal from the order entered June 12, 2015, is dismissed, as that order was superseded by the order entered October 20, 2015; and it is further,
ORDERED that the order entered October 20, 2015, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this mortgage foreclosure action against Rochelle Wiener (hereinafter the defendant), among others. Attached as exhibits to the complaint were various documents, including, inter alia, a copy of the note endorsed in blank, a copy of the mortgage, a copy of the loan modification agreement, and other documents relating to the chain of title of the note and mortgage. The defendant, acting pro se, interposed an answer. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion and cross-moved, inter alia, for leave to amend her answer. In orders entered June 12, 2015, and October 20, 2015, respectively, the Supreme Court, inter alia, granted the plaintiff's motion and, in effect, denied the defendant's cross motion. The defendant appeals from these orders.
The plaintiff made a prima facie showing of its entitlement to judgment as a matter of law. "Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689; see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684). Here, the plaintiff submitted the mortgage, the note, and evidence of default (see Bank of Am., N.A. v Tobin, 168 AD3d 661, 662; Deutsche Bank Natl. Trust [*2]Co. v Iarrobino, 159 AD3d 670, 672). Moreover, contrary to the defendant's contention, the plaintiff established that it had standing by demonstrating that it had physical possession of the original note, properly endorsed, at the time the action was commenced (see Deutsche Bank Natl. Trust Co. v Iarrobino, 159 AD3d at 672; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645).
The defendant failed to raise a triable issue of fact in opposition. "[A] grant of summary judgment is not premature merely because discovery has not been completed" (Lamore v Panapoulos, 121 AD3d 863, 864; see Chemical Bank v PIC Motors Corp., 58 NY2d 1023, 1026). Here, the defendant failed to establish what additional information she hoped to glean from the entire mortgage file in its original form (see CPLR 3212[f]; HSBC Bank USA, N.A. v Armijos, 151 AD3d 943, 944; Reale v Tsoukas, 146 AD3d 833, 835-836; Joon Mgt. One Corp. v Town of Ramapo, 142 AD3d 587, 589; Vikram Constr., Inc. v Everest Natl. Ins. Co., 139 AD3d 720, 721), particularly given that relevant documents relating to the chain of title of the note and mortgage were attached as exhibits to the complaint. "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Cajas-Romero v Ward, 106 AD3d 850, 852 [internal quotation marks omitted]; see Chemical Bank v PIC Motors Corp., 58 NY2d at 1026; Reale v Tsoukas, 146 AD3d at 835-836; Rungoo v Leary, 110 AD3d 781, 783; Anzel v Pistorino, 105 AD3d 784, 786).
The defendant's contention that the plaintiff's submissions were insufficient to demonstrate that it complied with the notice requirements of RPAPL 1304 is improperly raised for the first time on appeal (see Bank of Am., N.A. v Cudjoe, 157 AD3d 653, 654; Bank of Am., N.A. v Barton, 149 AD3d 676, 679; Emigrant Bank v Marando, 143 AD3d 856, 857; PHH Mtge. Corp. v Celestin, 130 AD3d 703, 704).
The defendant's remaining contention is without merit.
LEVENTHAL, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court